**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE REACH HEALTHCARE FOUNDATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:23-CV-228 RLW |
| SRZ REACH LTC, et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants SRZ Reach LTC and SRZ MGMT Holdings, LLC's unopposed Motion to Set Aside Clerk's Entry of Default and for Leave to File Answer Out of Time.  (ECF No. 10).  No response has been filed to the motion, and the time to do so has passed.   For the following reasons, the motion will be granted.

*Background*

This action was filed on February 24, 2023, by Plaintiff The REACH Healthcare Foundation ("Plaintiff" or "REACH") against Defendants SRZ Reach LTC and SRZ MGMT Holdings, LLC ("Defendants").   Plaintiff alleges Defendants unlawfully used the name "Reach" in connection with healthcare services in violation of REACH's rights in the well-known registered mark REACH HEALTHCARE FOUNDATION.   Plaintiff asserts claims of trademark infringement in violation of state and federal law, unfair competition in violation of state and federal law, and Missouri trademark dilution against Defendants SRZ Reach LTC and SRZ MGMT Holdings, LLC.[1]

---

[1]Plaintiff asserts the Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 18 U.S.C. §§ 1331, 1332, and 1338.   Plaintiff further alleges the Court has jurisdiction over the pendant state law claims under 28 U.S.C. §§ 1338(b) and 1367(a).

Defendants SRZ Reach LTC and SRZ MGMT Holdings, LLC have the same registered agent, CSC-Lawyers Incorporating Service Company.   CSC-Lawyers Incorporating Service Company was served with summons and copies of the complaint for both Defendants on March 2, 2023.   Defendants had twenty-one days to file an answer or otherwise defend but failed to do so. On April 17, 2023, a Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a) was entered against Defendants, and the companies are in default.   On May 4, 2023, counsel entered an appearance on behalf of both Defendants and filed the instant motion to set aside the Clerk's entry of default.

*Discussion*

An entry of default under Rule 55(a) will not automatically be set aside.   Rule 55(c), Fed. R. Civ. P., provides that a court may set aside an entry of default for good cause.   The Eighth Circuit Court of Appeals has explained that when "examining whether good cause exists, a district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'"   Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008) (quoting Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)).   Where a defaulting party does not show good cause for the default as required by Rule 55(c), however, a court does not abuse its discretion in declining to consider the meritoriousness of the party's defense or the potential prejudice to the plaintiff from setting aside the entry of default. McMillian/McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319, 320 (8th Cir. 1997).

In applying this analysis, the Eighth Circuit "focus[es] heavily on the blameworthiness of the defaulting party."   Johnson, 140 F.3d at 784.   In so doing, Eighth Circuit "cases have consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines.   We

2

have rarely, if ever, excused the former."   Id.   In contrast, the Eighth Circuit "has often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice."   Id.

"Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party."   Stephenson, 524 F.3d at 914 (internal quotation marks and quoted case omitted).   "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." Id. (cleaned up).    With respect to the issue of prejudice, "delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff."   Id. at 915.   "Setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."   Id. (cleaned up).

The Court is also mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment.   See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993).   "The entry of a default judgment should be a rare judicial act."   Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (cleaned up).

In their motion, Defendants assert that they are undergoing staff changes, and the summons and complaint were "inadvertently mislaid, and Defendants accidentally did not timely respond." (ECF No. 10).   Shortly after the default was entered, Defendants became aware of this action and sought counsel, and they now move to set the entry of default aside to defend on the merits of Plaintiff's claims.   Defendants assert Plaintiff consents to setting aside the default.

The Court finds Defendants have made an adequate showing of good cause to set aside the entry of default under Rule 55(c).   Under Eighth Circuit precedent, entries of default and even default judgments have been set aside in the face of more neglectful conduct than exists in this case.   See, e.g., Union Pac. R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 783 (8th Cir. 2001) (district court abused its discretion by refusing to grant relief from a default judgment where the defendant neglected to file an answer because of a recording error by its legal department); Feeney v. AT & E, Inc., 472 F.3d 560 (8th Cir. 2006) (district court abused its discretion in refusing to set aside part of a judgment, where the defendant's claimed "excusable neglect" was that he had not checked his mail for two months, and therefore did not respond to plaintiffs' summary judgment motion); Johnson, 140 F.3d at 784–85 (district court abused its discretion in refusing to set aside a default that resulted from "poor communication" between the defendant, its attorney, and its insurer, despite the Eighth Circuit's finding that the defendant and its attorney acted "carelessly" and even exhibited a "cavalier approach" to the filing deadline).   Because Plaintiff has not responded to the motion, the Court finds there is no prejudice to Plaintiff if the entry of default is set aside.   The Court will grant Defendants' motion to set aside the Clerk's entry of default and for leave to file their answer out of time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants SRZ Reach LTC and SRZ MGMT Holdings, LLC's Motion to Set Aside Clerk's Entry of Default and for Leave to File Answer Out of Time is **GRANTED**.   [ECF No. 10]

4

**IT IS FURTHER ORDERED** that Defendants SRZ Reach LTC and SRZ MGMT Holdings, LLC shall answer or otherwise respond to Plaintiff The REACH Healthcare Foundation's complaint by **June 15, 2023.**


_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this  5th  day of June, 2023.

5