UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE REACH HEALTHCARE FOUNDATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )    No. 4:23-CV-228 RLW ) |
| SRZ REACH LTC, et al., | ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff The Reach Healthcare Foundation's Motion for the Entry of Final Default Judgment and Attorneys' Fees and Costs against Defendants SRZ Reach LTC and SRZ MGMT Holdings LLC.  (ECF No. 24).  Also before the Court is attorney Mayer S. Klein's Motion for Leave to Withdraw as Counsel for Defendants SRZ Reach LTC and SRZ MGMT Holdings LLC.  (ECF No. 28).  For the reasons that follow, Plaintiff's Motion for the Entry of Final Default Judgment and Attorneys' Fees and Costs is granted, and attorney Mayer S. Klein's Motion for Leave to Withdraw as Counsel is denied.

## *I. Background*

On February 24, 2023, Plaintiff The REACH Healthcare Foundation ("Plaintiff" or "REACH") filed suit against Defendants SRZ Reach LTC and SRZ MGMT Holdings LLC (collectively "SRZ" or "Defendants").  Plaintiff alleged Defendants unlawfully used the name "Reach" in connection with healthcare services in violation of REACH's rights in the well-known registered mark REACH HEALTHCARE FOUNDATION.

Defendants were served with copies of summons and the Complaint but failed to answer of otherwise respond to the Complaint.  On April 17, 2023, a Clerk's Entry of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure was entered against Defendants.  On May

4, 2023, Mayer S. Klein entered an appearance on behalf of Defendants and filed motions to set aside the Clerk's entry of default and for leave to answer the Complaint out of time, which were granted.  The Court set aside the Clerk's entry of default and ordered Defendants to answer or otherwise respond to Plaintiff's Complaint by June 15, 2023.  Defendants did not comply with the Order. They did not file an answer or otherwise respond to the Complaint within the time allowed.  Plaintiff again requested a Clerk's entry of default, which was entered on July 12, 2023. Plaintiff filed a Motion for Entry of Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2), which was unopposed.  In its motion, Plaintiff asked that the Court enter default judgment against Defendants as to liability and grant an injunction but requested that the Court defer ruling on damages and attorneys' fees and to allow Plaintiff to conduct post-judgment discovery regarding Defendants' profits under the infringing marks.

In a Memorandum, Order and Partial Default Judgment dated November 9, 2023, the Court granted Plaintiff's Motion for Entry of Default Judgment.  The Court entered judgment in favor of Plaintiff and against Defendants on Counts I-V of the Complaint.  The Court also entered the following permanent injunction:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants SRZ Reach LTC and SRZ MGMT Holdings LLC and their officers, directors, principals, employees, agents, attorneys, representatives, affiliates, and all persons in active concert or participation with one or more of them are permanently enjoined from using the mark REACH, including, but not limited to, "Reach LTC" and "Reach Healthcare," in connection with healthcare, including, but not limited to, the promotion, advertisement, and marketing of SRZ Reach LTC's and/or SRZ MGMT Holdings LLC's long-term care and rehabilitation healthcare facilities.

(ECF No. 23 at 13).

The Court deferred ruling on damages and attorneys' fees and granted Plaintiff 60 days to conduct limited discovery to determine the scope of Defendants' sales or profits under the

infringing marks. On February 7, 2024, Plaintiff filed a Motion for Entry of Final Judgment and Attorneys' Fees and Costs, the motion presently before the Court. Defendants failed to respond within the time allowed by the applicable rules, and the motion is unopposed. After the time to respond had expired, attorney Mayer S. Klein filed a motion to withdraw as counsel for Defendants, which is also before the Court and is unopposed.

## *II. Discussion*

### A. Motion to Withdraw

The Court will first address attorney Mayer S. Klein's motion for leave to withdraw as counsel for Defendants. In his motion, Mr. Klein states that Defendants have "failed substantially to fulfill an obligation to counsel regarding counsel's services and have been given reasonable warning that the attorneys will withdraw unless the obligation is fulfilled." (ECF No. 28 at 1). Mr. Klein also represents that further representation will result in an unreasonable financial burden on counsel, and that the attorney-client relationship has completely broken down and cannot be re-established. No other attorney entered an appearance on Defendants' behalf, and Mr. Klein's withdrawal would leave Defendants unrepresented in this matter.

This Court has adopted the Rules of Professional Conduct of the Supreme Court of Missouri. See E.D. Mo. L.R. 12.02. According to the Rules of Professional Conduct, a lawyer may withdraw from representation of a client if, among other things, the withdrawal can be accomplished without material adverse effect on the interests of the client, or if good cause for withdrawal exists. See Missouri Supreme Court Rule of Professional Conduct 4-1.16(b). "[A] lawyer shall continue representation when ordered to do so by a tribunal notwithstanding good cause for terminating the representation." Id.

Corporate entities cannot appear pro se and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Therefore, in general, this Court will not allow an attorney to withdraw as counsel for a party until there has been a withdrawal period and substitute counsel has entered an appearance. However, in this case, a partial default judgment and permanent injunction has been entered against Defendants SRZ Reach LTC and SRZ MGMT Holdings LLC.  The only remaining issue is Plaintiff's motion for attorneys' fees and the entry of final default judgment.  Defendants did not oppose Plaintiff's motion, and Mr. Klein filed his motion for leave to withdraw after the deadline for Defendants to respond to Plaintiff's motion had passed.  Based on the record before it, the Court finds counsel has not shown that there is good reason for his withdrawal at this late stage in the proceedings.  In the exercise of the Court's discretion, the motion is denied.

**B.     Motion for Attorneys' Fees and Costs**

Plaintiff seeks reimbursement under the Lanham Act of $51,102.78 in attorneys' fees and $612.00 in costs that it incurred in enforcing its trademark. Under the Lanham Act, prevailing parties are entitled to recover reasonable attorneys' fees "in exceptional cases." 15 U.S.C. § 1117(a). Courts have held an award of attorneys' fees is appropriate when there has been a willful and deliberate trademark infringement. See Metric & Multistandard Components Corp. v. Metric's, Inc., 635 F.2d 710, 716 (8th Cir. 1980); Xiem Studio, LLC v. Nguyen, No. 4:14-CV-1366 CEJ, 2015 WL 3795852, at *5 (E.D. Mo. June 18, 2015).  This Court found Defendants' acts of trademark violations were willful. (ECF No. 23 at 10).  Furthermore, the Defendants: (1) failed to cease their unlawful use of the REACH trademark when initially contacted by Plaintiff; (2) failed to timely answer the Complaint and defaulted; (3) entered an appearance but failed to defend and again defaulted; (4) failed to respond to Plaintiff's motion for default judgment; and

(5) failed to respond to Plaintiff's motions for attorneys' fees and costs.  Based on Defendants' violations and their conduct in this case, the Court will grant Plaintiff attorneys' fees and costs.

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" Moysis v. DTG Datanet, 278 F.3d 819, 828 (8th Cir. 2002) (quoting Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001)). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." Bryant v. Jeffrey Sand Co., 919 F.3d 520, 529 (8th Cir. 2019) (quoting Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005)). As for the number of hours, "[w]hen calculating the lodestar, a district court need not accept counsel's submission of hours as conclusive but should exclude from that total those hours that were not reasonably expended on the litigation." Fires v. Heber Springs Sch. Dist., 565 F. App'x 573, 575 (8th Cir. 2014) (unpublished per curiam) (citing Hensley, 461 U.S. at 433–34).  "Although the district court need not explicitly state which hours it finds reasonable, it must at least calculate the hourly rate and the reasonable number of hours worked." Vines v. Welspun Pipes Inc., 9 F.4th 849, 856 (8th Cir. 2021) (citing Fires, 565 F. App'x at 576).

The Court must "exclude from a fee request, hours that are excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.  The Court may adjust a fee award based on a number of factors, including the time and labor required to litigate the case, the novelty and difficulty of the questions involved, the skill required to perform the services properly, customary

fees, the results obtained, and awards in similar cases. See McDonald v. Armontrout, 860 F.2d 1456, 1459 n.4 (8th Cir. 1988).

Here, Plaintiff has broken down its fee request into two phases: (1) pre-lawsuit enforcement efforts that began in July 2022; and (2) fees incurred after the lawsuit was filed on January 27, 2023 until February 7, 2024. Plaintiff requests the following for its pre-lawsuit enforcement efforts:

| Timekeeper | Title | Rate range, per hour | Hours | Amount |
|---|---|---|---|---|
| Luke Meriwether | Partner | $490-540 | 2.70 | $1,388.00 |
| Amy Brozenic | Partner | $440-490 | 8.30 | $3,742.00 |
| Lee Bennen | Associate | $315 | 5.10 | $1,606.50 |
| | | **Totals:** | **16.10** | **$6,736.50** |

Plaintiff requests the following for fees incurred during the pendency of this lawsuit:

| Timekeeper | Title | Rate range, per hour | Hours | Amount |
|---|---|---|---|---|
| Luke Meriwether | Partner | $580-635 | 21.10 | $12,282.32 |
| Amy Brozenic | Partner | $525-615 | 4.40 | $2,310.00 |
| Ben Struby | Partner | $495 | .90 | $445.50 |
| Tim Hadachek | Associate | $380-480 | 66.20 | $25,693.84 |
| Terry Mueller | Paralegal | $300-315 | 12.20 | $3,634.62 |
| | | **Totals:** | **104.80** | **$44.366.28** |

Plaintiff's fee request is supported by a declaration signed by attorney Luke Meriwether, in which he describes his background and general practice. In his declaration, Mr. Meriwether also

describes in general terms what work was done in this case, and attached to the declaration are detailed billing records that contain timed entries with descriptions of the work performed, when the work was done, and by whom.

Five attorneys and a paralegal worked on the case on Plaintiff's behalf. Aside from Mr. Meriwether, Plaintiff provided the Court with no information as to the experience of the other attorneys and the paralegal, such as the number of years they have practiced or their areas of expertise. Mr. Meriwether does offer his professional opinion that the rates charged by the attorneys in his firm are reasonable, fair, and well within the range of market rates customarily charged by lawyers with similar experience in Kansas City, where he practices. (ECF No. 26, Ex. 2). He further opines that based on the amount in controversy, the nature of work performed, and the amount of labor and time involved, that the fees incurred in this case were reasonable, fair, and necessary. (Id.)

The Court will first address the hourly rates. "The burden is on the moving party to provide evidence supporting the rate claimed." Wheeler v. Missouri Highway & Transp. Comm'n, 348 F.3d 744, 754 (8th Cir. 2003). "The party seeking attorney fees bears the burden of establishing entitlement to the award of fees and of documenting the hours and hourly rates, as well as showing that its request is reasonable." Orduno v. Pietrzak, 932 F.3d 710, 719–20 (8th Cir. 2019).

The hourly rates charged in this case ranged from $300 to $625 per hour. Aside from Mr. Meriwether's declaration, in which he avers that he has been in practice since 2007 and primarily focuses on intellectual property litigation, the Court has no information regarding the other attorneys or the legal professional who worked on the case, aside from a job title. As a consequence, the Court has little to no information to evaluate whether the rates requested are reasonable based on the respective attorney's or legal professional's experience and the controlling

market rates.  The Court finds Mr. Meriwether's hourly rates of $490-635 are reasonable and within the market rates for an experienced intellectual property attorney in Missouri. Grover Gaming v. Patel, No. 4:21-CV-1505 PLC, 2022 WL 6722579, at *8 (E.D. Mo. Oct. 7, 2022) (applying rate of $525 per hour for lead attorney who was a partner with intellectual property experience). As for the other attorneys, having no information about their backgrounds or years of experience, and because it was Plaintiff's burden to provide evidence to support their hourly rates, the Court will assign hourly rates that are on the lower end for general business litigators.  Based on the 2023 Wolters Kluwer Real Rate Report and the Court's own knowledge and experience, the Court will allow hourly rates of $415.00 an hour for partners and $280.00 an hour for associates.  As for the paralegal, the Court will award fees at a rate of $200.00 an hour, which is in line with the prevailing rates for paralegals in this geographic area. See, e.g., United States ex rel. Cairns v. D.S. Med., LLC, No. 1:12-CV-4 LPR, 2024 WL 1724026, at *2 (E.D. Mo. Mar. 22, 2024) (approving paralegal rates of $195.00 and $245.00 per hour)

As for the time spent on this matter, the Court is required to exclude hours that are not "reasonably expended," that is, hours that are excessive, redundant, or unnecessary. Hensley, 461 U.S. at 434.  The Court may also adjust a fee award based on a number of factors, including, among other things, the results obtained, the difficulty of the issues involved, and awards in similar cases.  McDonald, 860 F.2d at 1459 n.4. Plaintiff's counsel seeks 120.9 attorney and paralegal hours. Intellectual property is a specialized area of law, and Plaintiff's counsel clearly obtained a great deal of success in this case, but motions were uncontested, and judgment was obtained by default.

The Court has carefully reviewed the bills attached to Mr. Meriwether's declaration and finds there are a number of entries that were unnecessary and should not be reimbursed, such as

hours spent preparing for and attending client board meetings. Moreover, some of the hours were excessive or redundant due to overstaffing in the case. In the Court's view, five attorneys and a paralegal for a case that did not proceed to discovery or trial was excessive. The Court declines to scrutinize the bills line by line, and instead it will adjust the number of hours downward by 25 percent. Vines, 9 F.4th at 856. The Court finds 90.675 hours to be reasonable for Plaintiff's enforcement efforts and prosecuting this case.

Based on the revised hourly rates and the adjusted hours, Plaintiff shall be permitted to recover attorneys' fees in the amount of $31,258.74. See, e.g., Grover Gaming, 2022 WL 6722579 at *9 (awarding $21,175.00 in attorneys' fees on default judgment in trademark infringement action); Xiem Studio, LLC, 2015 WL 3795852 at *5 (awarding $26,166.05 in attorneys' fees on default judgment in trademark infringement action); Broad. Music, Inc. v. Cape Girardeau Brewing Co., LLC, No. 1:10-CV-189 CEJ, 2011 WL 4625351, at *3 (E.D. Mo. Oct. 4, 2011) (awarding $2,336.00 in attorneys' fees on default judgment in copyright infringement action).

Plaintiff also seeks the costs of this litigation. The Lanham Act provides that a prevailing party in an infringement action can recover the costs of the action. See 15 U.S.C. §1117(a). Having obtained a default judgment and permanent injunction, Plaintiff is the prevailing party in this case. Plaintiff seeks the following in costs: $402.00 in filing fees and $210.00 for the cost to obtain service of process, for a total amount of $612.00. Plaintiff is entitled to recover the amount of the filing fee. 28 U.S.C. § 1920; Rimini St., Inc. v. Oracle USA, Inc., 586 U.S. 334, 341 (2019). But under Eighth Circuit law, parties are not entitled to recover the cost of using a private process server. Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985). See also BMO Harris Bank N.A. v. Gorban Transp. Inc., No. 4:20-CV-00758 SRC, 2021 WL 5279571, at *1 (E.D. Mo. Nov. 12,

2021) (denying request for fees for service of summons and subpoena where the party used a special process server). The Court disallows this amount. Plaintiff is entitled to recover costs in the amount of $402.00.

Accordingly,

**IT IS HEREBY ORDERED** Attorney Mayer S. Klein's Motion for Leave to Withdraw as Counsel for Defendants SRZ Reach LTC and SRZ MGMT Holdings LLC is **DENIED.** [ECF No. 28]

**IT IS FURTHER ORDERED** that Plaintiff The Reach Healthcare Foundation's Motion for Entry of Final Judgment and Attorneys' Fees and Costs is **GRANTED.**   [ECF No. 24]

**IT IS FURTHER ORDERED** that Plaintiff The Reach Healthcare Foundation is awarded attorneys' fees in the amount of Thirty-One Thousand Two Hundred Fifty-Eight Dollars and Seventy-Four Cents ($31,258.74) and costs in the amount of Four Hundred Two Dollars ($402.00).

The Court will issue a separate Final Default Judgment.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of June, 2024.